AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| LYNN PERRAULT OSBORNE </br></br> *Plaintiff(s)* </br></br> v. </br></br> TWIN OAKS CONDOMINIUM ASSOCTIATION </br> IMAGINEERS LLC </br> HYDROENVIRONMENTAL SOLUTIONS LLC </br> DOES I-15 ET AL </br></br> *Defendant(s)* | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  TWIN OAKS CONDOMINIUM ASSOCIATION  249 West St Seymour CT 06483
IMAGINEERS LLC  635 FARMINGTON AVE HARTFORD CT 06105
HYDROENVIRONMENTAL SOLUTIONS LLC 1 Deans Bridge Rd, Somers NY 10589
Board Members John Murphy et al 14 Twin Oaks New Milford CT 06776
Suzanne Berry 249 West St Seymour CT 06483
Timothy Carr 122 Church St Naugatuck CT 06770

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYNN PERRAULT OSBORNE, ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | Civil No. _____ |
| ) | |
| ) | |
| v. ) | COMPLAINT FOR |
| ) | VIOLATIONS OF: |
| TWIN OAKS CONDOMINIUM ASSOC ) | |
| IMAGINEERS, LLC ) | THE CONSTITUTION, and |
| ) | |
| JOHN MURPHY, ET AL ) | THE AMERICANS WITH |
| ) | DISABILITIES ACT |
| DEFENDANT. ) | |

## COMPLAINT

PLAINTIFF, LYNN PERRAULT OSBORNE ("Plaintiff"), by her undersigned attorney, hereby alleges upon information and belief:

1. Defendant Twin Oaks Condominium Association (Twin Oaks), is a Connecticut Condominium Association with an office located in New Milford, Connecticut.. Defendant Imagineers, LLC, Connecticut Limited Liability Company with its offices located in Hartford and Seymour, Connecticut. Defendant Hydroenviromental Solutions, Inc, is a New York based Corporation with offices located at 1 Deans Bridge, Rd, Somers, NY 10589. Defendants Tim Carr (via his new company Down to Earth), John Murphy and other Board Members, Jennifer Zupancic, and Suzanne Berry are individuals residing in the State of Connecticut. Defendants have deliberately disregarded known harm or serious risks of harm to Plaintiff, and its actions and failures to act cause harm to Plaintiff, including physical, medical and psychological harm.

## I. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 & 1345 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12133.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). The acts and omissions giving rise to this action occurred in the District of Connecticut.

## II. DEFENDANTS

4. The Defendant Twin Oaks Condominium Association, was the governing agency over the Unit that Plaintiff owned during the time of the facts.

5. The Defendant Imagineers LLC was the management company over the Unit that Plaintiff owned during the time of the facts.

6. The Defendants John Murphy Cathy Mitchell, Sharon Simon, Larry Bourdillon, Jessica Keiser, Joseph DiFabbio, Lise Smith, John Doe and Jane Doe were all board members of Twin Oaks during the time Plaintiff owned the Unit and the time of the facts.

7. The Defendant HydroEnviornmental Solutions, Inc was a company contracted to perform tests on the Plaintiff's property.

8. The Defendant Tim Carr (is a defendant in this matter both individually, as agent for Hydro, and through his business Down to Earth Consulting, LLC) was an employee of the Defendant Hydro during the time of the facts and during the time Plaintiff owned her Unit.

9. The Defendant Suzanne Berry was an employee of Defendant Imagineers LLC, and Defendant Jennifer Zupancic followed upon Berry's resignation.

### III. FACTUAL ALLEGATIONS

**A. Defendant is Violating the ADA by Failing to Accommodate the Plaintiff's Disability by refusing to adequately remediate and rectify Roof and Mold issues.**

10. Title II of the ADA prohibits the unjustified isolation of persons with disabilities, 42 U.S.C. § 12132; *Olmstead v. L.C.*, 527 U.S. 581, 597 (1999), and requires states and other public entities to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d).

11. Twin Oaks Condo Association is the Association that is in charge of the rules, regulations, and bylaws of the Public Condominium Community known as Twin Oaks.

12. Imagineers, LLC, is the Management company tasked with managing the Public Condominium Community known as Twin Oaks.

13. Twin Oak's residents, and specifically the Plaintiff, include "qualified individual[s] with a disability" for purposes of the ADA, 42 U.S.C. § 12101-12213, and implementing regulation, 28 C.F.R. § 35.130(d).

14. Defendants have failed to serve the Plaintiff in the most integrated setting appropriate to their needs by not taking sufficient steps to assess, identify, and treat the issues that continued to harm the Plaintiff, who had a previous diagnosed condition that falls under the criteria of the ADA.

**B. Defendant Deprives Individuals of their Constitutionally Protected Rights to Receive Adequate and Fair Treatment as compared to others.**

15. The Constitution requires Defendant to provide Equal Protection to all residents of Twin Oaks. By refusing to provide the Plaintiff the same Protections to her Unit as they do to others, the Defendants Fail to Protect Plaintiff from Harm. A detailed description follows:

16. Beginning in or around July, 2014, after a storm causing water damage to roof, leading to bubbling of the interior, before Agents of Defendants opened Plaintiff's walls and ceiling, plaintiff began to notice cracking and bubbling on her walls, following the storms, and ceilings. In April, 2015, after Agents of Defendants opened Plaintiff's Wall and ceiling, said Agents found growth of mold in and throughout her unit, including but not limited to her bedroom, downstairs bedroom and office space area.

17. During the next several months, the Plaintiff complained to the Board, Board Members, employees or agents of Imagineers, Including Defendant Suzanne Berry, about the various mold growth located in her Unit and the bubbling and cracking areas, mold left in open walls and ceilings, which continued to get worse.

18. Despite numerous requests, throughout the remainder of the calendar year 2015, Plaintiff's complaints were not taken seriously.

19. Further, during this time in April 2015, Plaintiff submitted a Doctors letter, which was requested by Defendant Berry and Defendant Board, to the Defendants, as well as Defendants' Attorney, Franklin Pilicy, and Attorney Jeff George (both are attorneys in Pilicy, and will be deemed to be mentioned throughout the Complaint), that Plaintiff had, was, and continued suffering medical problems as a result of issues at her residence, which said medical problems were deemed to be permanent and could lead to further medical issues. An additional letter in 2018 from the Plaintiff's doctors stated that some of the Plaintiff's medical issues were irreversible.

20. During that time, Defendants, including Defendant Tim Carr, who was employed at the time at Defendant HydroEnviornmental Solutions, Inc, a company doing business in the Town of Somers, State of New York, did conduct tests on Mold in the Plaintiff's Unit.

21. The first test, taken on or around April 22, 2015, was, according to all the Defendants, lost.

22. A second test was conducted on or around May, 2015. It was the interpretation of Defendant Carr, as well as the other Defendants, and Pilicy, that Plaintiff did not have significant mold in her unit. They knew otherwise, but withheld.

23. As Defendants are not Mold Specialists or doctors, Defendants and Pilicy's conclusions were without merit.

24. This led to numerous Board meetings, and in June 2015, in which Defendant Carr was present, and Pilicy was present as the Attorney. The Board continued to publicly argue against the Plaintiff, and deny that any issues concerning Mold was in effect in the Plaintiff's Unit.

25. Despite repeated attempts, the Plaintiff's requests were continued to be dismissed.

26. During this period Plaintiff had been left with plastic covering the exposed rafters insulation, and sheetrock, which said sheetrock had been removed. All Defendants and Pilicy were aware of this.

27. The Plaintiff's health began to drastically deteriorate by the end of 2015.

28. Said deterioration came to a head in December, 2015, when Plaintiff had to be rushed to the emergency room via ambulance to New Milford Hospital with various health issues, including a severe allergic reaction, as it pertained to her respiratory abilities.

29. After Plaintiff left the Hospital, she continued to attempt to resolve this matter with Defendants and Pilicy, as well as attempting to have Defendants file a claim with the Association's Insurance Company. Defendants obstructed Plaintiff from filing an insurance claim.

30. Defendants and Pilicy continued to ignore Plaintiff. Further, any and all work that Defendants, or agents of the Defendants, did on Plaintiff's home were inadequate, and further continued to contribute to the deterioration of Plaintiff's health.

31. At the time of Paragraph 30, on or about January 4, 2016, Pilicy sent Plaintiff a Hold Harmless letter in order to coerce her to be silenced.

32. On or about April, 2017, the Plaintiff filed a lawsuit against Board of Directors, the Association, and Imagineers, in the matter of Perrault-Osborne vs. Twin Oaks Condominium Association et al, LLICV17-6015922-S.

33. Throughout the proceedings of said matter, the Defendants continued to deny any fault.

34. Defendants, through their attorney, also ignored Doctors letters, as well as Roof repairs, which were performed on other units throughout this time period but not Plaintiffs.

35. During discovery and subpoena requests in the above referenced action, the Defendants, on or around June 18, 2019, released email correspondence between Defendant Berry and Defendant Carr.

36. Said email records Defendant Carr acknowledging that, in June 2015, there was "significant" levels of Toxic Mold in the Plaintiff's Unit.

37. Plaintiff, prior to reviewing this email correspondence, while knowing for herself that toxic mold levels exist, had no idea or knowledge that the Defendants actually knew of the significance of Mold that existed in the Plaintiff's Unit.

38. This email is evidence of the intentional act of deceiving the Plaintiff, by withholding relevant information.

6

39. This intentional act of deceiving Plaintiff has therefore contributed to her injuries, as the Defendants would have known, and in fact, did know, that "significant" levels of mold would cause damage to the Plaintiff.

40. The intentional act of deceiving Plaintiff has continued for at least seven years, while said Defendants continued to, through either their own statements or statements or pleadings through their attorney, to deny any issues with the Plaintiff's Unit, when they actually knew that there were "significant" issues with Plaintiff's Unit.

41. The intentional act of deceiving the Plaintiff has devasted her life and has substantially affected it and her health well being and daily living, as well as taking her out of her home.

### IV.  VIOLATIONS

#### FIRST CLAIM:
#### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

42. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-40, above.

43. Defendants discriminates against "qualified individual[s] with a disability" within the meaning of the ADA by failing to, as described in the paragraphs, to treat the Plaintiff's Unit in any various aspects to remove the mold, and to remediate the mold correctly and honestly.

44. The acts and omissions alleged in paragraphs 16-42 constitute discrimination in violation of title II of the Americans with Disabilities Act and implementing regulations. 42 U.S.C. § 12132, 28 C.F.R. § 35.130(d).

## SECOND CLAIM:

## VIOLATIONS OF THE EQUAL PROTECTIONS AND DUE PROCESS PROTECTIONS OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSITUTION

45. The Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-40, above.

46. The acts and omissions alleged in paragraphs 16-42 constitute a pattern or practice that violates the federal rights of the Plaintiff, as protected by the Fourteenth Amendment to the Constitution of the United States, the Equal Protection Act, and by other federal law.

47. Unless restrained by the Court, Defendant will continue to engage acts and omissions set forth in paragraphs 16-42 that deprive the Plaintiff of rights, privileges, or immunities secured or protected by the Constitution of the United States and federal law, and will cause irreparable harm to these residents.

### V.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court will:

a.   Money Damages

b.   Punitive Damages

c.   Attorney Fees

d.   Order such other relief as the Court may deem just and proper.

Respectfully submitted this 31 day of March, 2022.

DANIEL S DIBARTOLOMEO
ATTORNEY FOR PLAINTIFF

9